UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ROBERT E. DAVIS, No. 40665-044,

    Petitioner,

    v.

D. SPROUL, Warden, FCI-Marion

    Respondent.

Case No. 24-cv-2176-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on petitioner Robert E. Davis's petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 (Doc. 1). The petitioner is incarcerated at the Federal Correctional Institute at Marion, Illinois ("FCI-Marion"), where respondent D. Sproul is the warden.

The petitioner is challenging the loss of 41 days of good conduct credit as discipline he received at FCI-Marion in January 2024. This matter is now before the Court for preliminary review pursuant to Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by a district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of the Federal Rules Governing Section 2254 Cases gives this Court the authority to apply the rules to other *habeas corpus* cases like the one at bar.

In October 2022, Davis was sentenced in the United States District Court for the Eastern District of Missouri to serve 87 months in prison. *United States v. Davis*, No. 21-cr-474-SEP (E.D. Mo.). He is currently incarcerated at FCI-Marion with a projected release date of September 17, 2027. *See* BOP, Find an Inmate, https://www.bop.gov/ inmateloc/ (visited Oct. 16, 2024).

In January 2024, the petitioner lost 41 days of good conduct credit based on Incident Report 3851317 ("IR"), in which he was charged with possessing drugs/alcohol (Code 113, a prohibited act of the greatest severity level), specifically, possessing a prescription strength lidocaine patch.  28 C.F.R. § 541.3, Table 1.  The petitioner complains that another inmate ("E.T.") facing identical allegations was given a rehearing on a lesser charge (Code 399/305, a prohibited act of a moderate severity level) because lidocaine is not a narcotic.  *Id.*  E.T. ended up losing only 7 days of good time credit.  Davis believes that the Bureau of Prisons ("BOP") violated his due process rights in depriving him of good conduct credit under these circumstances.  He asks the Court to overturn his disciplinary conviction and either order a loss of good time credit in line with E.T.'s, order a rehearing on a lesser charge by a different disciplinary hearing officer, or restore all time lost and expunge the disciplinary conviction from his record.

A petitioner may bring a petition under 28 U.S.C. § 2241 to challenge the fact or duration of the petitioner's confinement.  *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973).  This includes claims for restoration of wrongfully revoked good conduct credit.  *Jones v. Cross*, 637 F.3d 841 (7th Cir. 2011); *Waletzki v. Keohane*, 13 F.3d 1079 (7th Cir. 1994).

Prisoners are entitled to due process before being deprived in prison disciplinary proceedings of their liberty interests in earned good conduct credit.  *Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007).  A prisoner is entitled to be given:

> (1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action.

*Rasheed-Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992), *accord Scruggs*, 485 F.3d at 939; *see Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985);

*Wolff v. McDonnell,* 418 U.S. 539 (1974).  Due process also requires that the disciplinary decision be supported by "some evidence."  *Hill*, 472 U.S. at 454; *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016) ("[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary.").

The petitioner's claim for restoration of good conduct credit is properly raised in this § 2241 petition.  *Jones*, 637 F.3d 841 (due process claim); *Waletzki*, 13 F.3d 1079 (denial of good conduct credit).  Accordingly, it is not plainly apparent that the petitioner is not entitled to habeas relief.  Without commenting on the merits of the petitioner's claims, the Court concludes that the § 2241 petition survives preliminary review pursuant to Rule 4, and the Court will order a response.

**IT IS THEREFORE ORDERED** that the respondent shall answer or otherwise plead on or before November 15, 2024.  This preliminary order to respond does not preclude the respondent from raising any objection or defense the respondent may wish to present.  Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

The petitioner is **ORDERED** to keep the Clerk and the opposing party informed of any change in the petitioner's whereabouts during the pendency of this action.  This notification must be in writing no later than 14 days after a transfer or other change in address.  Failure to provide notice may result in dismissal of this action.  *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**
**DATED:  October 16, 2024**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
